Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
Michael Cotton

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Cotton, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) |
| Zitterman Bosh & Associates; Damario Turpin, | ) **(Unlawful Debt Collection Practices)** |
| Defendants. | ) |

**PLAINTIFF'S COMPLAINT**

Michael Cotton (Plaintiff), through his attorneys, Krohn & Moss, Ltd., alleges the following against Zitterman Bosh & Associates and Damario Turpin (Defendants):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendants conduct business in the state of Arizona, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

**PARTIES**

5. Plaintiff is a natural person residing in Glendale, Maricopa County, Arizona.

6. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendants, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

7. Defendants are debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

8. Defendants are a collection agency and conducts business in Arizona.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Defendants constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

11. Defendant leaves call back number as (678) 909-4560 ext 105.

12. On or about June 1, 2011, Defendant called Plaintiff's brother-in-law, John Leza, and disclosed that Plaintiff owes a debt.

13. On or about May 19, 2011, Defendant placed a call to Plaintiff and when Plaintiff's 6 year old son answered the phone, Defendant stated that if his "Daddy doesn't call back, I'll have him arrested."

14. Defendant made a threat to Plaintiff over the phone that Defendant was going to sue Plaintiff.

15. Defendant threatened to have Plaintiff arrested.

16. Defendant called Plaintiff, and when Plaintiff told Defendant he was represented by an

Case 2:11-cv-02024-DGC   Document 1   Filed 10/18/11   Page 3 of 5

attorney and tried to give his attorney's phone number, Defendant hung up.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692b(2)* of the FDCPA by communicating with Plaintiff's brother and stating that Plaintiff owes a debt.

   b. Defendant violated *§1692c(a)(2)* by contacting Plaintiff once Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

   c. Defendant violated *§1692c(b)* of the FDCPA by communicating with third parties, Plaintiffs' children, in connection with the collection of Plaintiffs' alleged debt.

   d. Defendant violated *§1692e(4)* of the FDCPA by falsely implying that Plaintiff's non-payment of his alleged debt would result in Plaintiff's arrest or imprisonment.

   e. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

WHEREFORE, Plaintiff, MICHAEL COTTON, respectfully requests judgment be entered against Defendant, ZITTERMAN BOSH & ASSOCIATES AND DAMARIO TURPIN, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

20. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

21. Any other relief that this Honorable Court deems appropriate.

- 3 -

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff, MICHAEL COTTON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: October 18, 2011                    KROHN & MOSS, LTD.


By: /s/ Ryan Lee                              

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, MICHAEL COTTON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHAEL COTTON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 8-27-2011                           _____
                                          MICHAEL COTTON

PLAINTIFF'S COMPLAINT