**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cotton | No. CV11-2024 PHX DGC |
| Plaintiff, | |
| v. | **ORDER AND DEFAULT JUDGMENT** |
| Zitterman Bosh & Associates, Damario Turpin, | |
| Defendants. | |

Plaintiff has filed a motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against Defendants Zitterman Bosh & Associates and Damario Turpin. Doc. 15. No response has been filed, and the time for doing so has expired. For reasons explained below, the Court will grant the motion.

**I.  Background.**

Plaintiff filed a one-count complaint against Defendants on October 18, 2011 alleging violations of the Fair Debt Collection Practices Act. Doc. 1. Defendants were served with the complaint on November 8, 2011. Docs. 7, 8. Defendants have not answered or otherwise responded to the Complaint. On March 14, 2012 the Clerk of the Court entered default against Defendants. Doc. 14.

**II.  Plaintiff's Motion for Default Judgment.**

Plaintiff seeks default judgment against Defendants in the amount of $5,607.50, representing statutory damages in the amount of $1,000.00, $4,167.50 in attorneys' fees, and $440.00 in costs. Because default has been properly entered pursuant to Rule 55(a),

the Court has discretion to grant default judgment under Rule 55(b).  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors the Court should consider in deciding whether to grant default judgment include (1) the possibility of prejudice to Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

The first *Eitel* factor weighs in favor of granting Plaintiff's motion because Plaintiff will be prejudiced if this case remains unresolved.  Plaintiff served Defendants more than nine months ago.  Docs. 7, 8.  Defendants have not answered or otherwise responded to the complaint.  If Plaintiff's motion for default judgment is not granted, Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief under Rule 8.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1175; *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978)).  Plaintiff's complaint states a plausible claim for relief.  *See* Doc. 1.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendants' conduct.  *See Cal. Security Cans*, 238 F. Supp. 2d at 1176.  Defendants constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.  On or about May 19, 2011, Defendants placed a call to Plaintiff.  When Plaintiff's six year old son answered the phone, Defendant stated that if his "Daddy doesn't call back, I'll have him arrested."  On or about June 1, 2011, Defendants called Plaintiff's brother-in-law, John Leza, and disclosed that Plaintiff owes a debt.  Defendants have made a threat to Plaintiff over the

1 phone that Defendants are going to sue Plaintiff. Defendants have threatened to have
2 Plaintiff arrested. When Plaintiff told Defendants he was represented by an attorney and
3 tried to give Defendants his attorney's phone number, Defendants hung up. This factor
4 weighs in favor of a default judgment. *See Bd. of Trs. of Cal. Metal Trades v.*
5 *Pitchometer Propeller*, No. C-97-2661-VRW, 1997 WL 7979222, at *1 (N.D. Cal. Dec.
6 15, 1997) (granting default judgment where amount of money at stake was reasonable,
7 justified, and properly documented). Statutory damages and an award of attorneys' fees
8 and costs constitute a reasonable response to such conduct.

9 The fifth *Eitel* factor also favors a default judgment. Given the sufficiency of the
10 Complaint and Defendants' default, "no genuine dispute of material facts would preclude
11 granting [Plaintiff's] motion." *Cal. Security Cans*, 238 F. Supp. 2d at 1177; *see Geddes*,
12 559 F.2d at 560.

13 Applying the sixth factor, Defendants were properly served with the summons and
14 complaint and yet never responded. Docs. 7, 8. Defendants agreed to a settlement and
15 then reneged. Doc. 11. Given these circumstances, Defendants' failure to answer or
16 otherwise respond to the complaint cannot be attributed to excusable neglect. *See*
17 *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at *5 (D.
18 Ariz. Jan. 3, 2008).

19 The final *Eitel* factor weighs against default judgment. "Cases should be decided
20 upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But the mere
21 existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive."
22 *Cal. Security Cans*, 238 F. Supp. at 1177 (citation omitted). Moreover, Defendants'
23 failure to answer or otherwise respond to the complaint "makes a decision on the merits
24 impractical, if not impossible." *Id.*

25 Having reviewed Plaintiff's motion and supporting memoranda, and having
26 considered the *Eitel* factors as a whole, the Court concludes that the entry of default
27 judgment is appropriate against Defendants in the amount of $5,607.50. The Court
28 agrees that statutory damages of $1,000 are appropriate in this FDCPA case, and finds the

amount of attorneys' fees and costs sought by Plaintiff ($4,607.50) to be reasonable as well.

**IT IS ORDERED:**

1. Plaintiffs' motion for default judgment (Doc. 15) is **granted**.

2. Default judgment is entered in favor of Plaintiff and against Defendants Zitterman Bosh & Associates and Damario Turpin in the amount of **$5,607.50.**

Dated this 13th day of August, 2012.

_____
David G. Campbell
United States District Judge