**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Cotton,<br><br>        Plaintiff/Judgment Creditor,<br><br>v.<br><br>Zitterman Bosh & Associates and Damario Turpin,<br><br>        Defendants/Judgment Debtors. | No. CV11-2024 PHX DGC<br><br>**ORDER** |

Plaintiff Michael Cotton has filed a motion for issuance of a civil arrest warrant against Defendants/Judgment Debtors. Doc. 24. United States Magistrate Judge Steven P. Logan issued a report and recommendation ("R&R") recommending that the motion be granted. Doc. 30. No objection has been filed, which normally would relieve the Court of its obligation to review the R&R, but the Court has concerns about the requested relief that, at this stage, prevent it from approving the R&R.

Judge Logan ordered Defendants to appear for a debtor's exam in his court on November 6, 2012. Doc. 20. Defendants did not appear or otherwise comply with Judge Logan's order. As a result, Plaintiff asks the Court to issue a civil arrest warrant to have Defendants taken into custody. The R&R recommends that the Court grant such relief. Doc. 30.

The Court has several concerns about the requested relief. Defendants are located in Georgia, not Arizona. *See* Docs. 7, 8. Plaintiff cites no authority for the proposition that a federal district court in Arizona can order the arrest of a person or entity in

Georgia. The R&R cites Rule 83 of the Local Rules of Civil Procedure, but does not specify a provision of that rule under which the requested relief may be ordered.

The Court held a telephone conference with Plaintiff's counsel on February 27, 2013. In response to the Court's questions, Plaintiff's counsel offered to file a memorandum of authorities. The Court agreed, and instructed counsel to file the memorandum with Judge Logan within 30 days of this order. The memorandum should address the following questions:

1. What statute or rule authorizes a federal judge in Arizona to order the civil arrest of a person in Georgia?

2. Civil arrest may be warranted when a party is in contempt of court, but the party is then brought before the court in which the contempt occurred and the judge is authorized to take such actions as are necessary to remedy the contempt. If the civil arrest warrant is being sought in this case for civil contempt of court, what authority permits a federal judge in Georgia to remedy contempt of a federal court in Arizona? And if Plaintiff is not seeking the civil arrest warrant for contempt of court, under what authority is it sought?

3. "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *Oliner v. Kontrabecki*, 305 B.R. 510, 520 (N.D. Cal. 2004) (quoting *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir.1999)). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id*. Once the moving party has established a prima facie case of contempt, a contemnor may avoid sanctions by demonstrating a present inability to comply with the enforcement order. *United States v. Drollinger*, 80 F.3d 389, 393 (9th Cir.1996). Has a showing of civil contempt been made in this case by clear and convincing evidence? If it has, where will Defendants be afforded an opportunity to show a present inability to comply? If the answer is Georgia, what authority does a federal judge in Georgia have to determine whether a contempt of court occurred in

Arizona and whether the defendant had the present inability to comply with the Arizona order?

4. The motion seeks arrest of Defendant Zitterman Bosh & Associates. Exactly how does one arrest an entity?

As these questions suggest, the Court has serious doubts about its ability to order the arrest of Defendants in Georgia. The more appropriate course, it seems, would be for Plaintiff to domesticate the judgment against Defendants in Georgia, obtain an order for them to appear for a debtor's exam in Georgia, and seek contempt remedies in Georgia if Defendants refuse to comply. But the Court will not prejudge this issue. Instead, it will afford Plaintiff's counsel time to respond to these questions before Judge Logan.

**IT IS ORDERED** that the R&R (Doc. 30) is not accepted. This matter is remanded to Judge Logan to consider the matters to be addressed by Plaintiff's counsel in 30 days

Dated this 27th day of February, 2013.

_David G. Campbell_
United States District Judge